IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-841-RJD |
| | ) |
| EXECUTIVE OFFICE OF US ATTORNEYS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

The matter is before the Court on the Partial Motion for Summary Judgment as to EOUSA FOIA Requests (Doc. 27) filed by Defendant Executive Office of United States Attorneys ("EOUSA") and the Motion for Partial Summary Judgment (Doc. 32) filed by Plaintiff. Plaintiff field a response to Defendant's motion (Doc. 31) and Defendant filed a response to Plaintiff's Cross-Motion for Partial Summary Judgment (Doc. 33). For the following reasons, Defendant's motion is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's Motion is **DENIED**.

**FOIA GENERALLY**

Plaintiff brings this lawsuit under FOIA, which the Seventh Circuit Court of Appeals described generally:

> "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L.Ed.2d 159 (1978). Toward that end, FOIA provides that agencies "shall make ... records promptly available to any person" who submits a request that "(i) reasonably describes such records and (ii) is made in accordance with [the agency's] published rules." 5 U.S.C. § 552(a)(3)(A). The Act is "broadly conceived," and its "basic policy" is in favor of disclosure. *Robbins Tire,* 437 U.S. at 220, 98 S. Ct. 2311. Agencies are, however, permitted to withhold records under nine statutory exemptions and three special exclusions for law-enforcement records. *See* 5 U.S.C. § 552(b)-(c).

*Rubman v. United States Citizenship & Immigration Servs.*, 800 F.3d 381, 386 (7th Cir. 2015).

Plaintiff's Count One alleges the Executive Office of United States Attorneys ("EOUSA") violated FOIA regarding an unnumbered FOIA request sent on February 7, 2017, by (1) failing to make a determination of whether to comply to the request within 20 days of receipt; (2) failing to make the requested records promptly available; and (3) failing to conduct a reasonable search for records responsive to the request (Doc. 10 at 17).

Count Two alleges the EOUSA violated FOIA regarding requests # 2017-000547, 000885-000888, 000890, and 002746 sent on February 19, 2017, by (1) failing to make a determination of whether to comply to the request within 20, or 30 days, of receipt; (2) failing to make a determination on appeal FOIA-2017-001483 and other unnumbered appeals within 20 days of receipt; (3) failing to make requested records promptly available; (4) failing to conduct reasonable searches for records responsive to the requests; and (5) assessing search and/or documents fees after failing to recognize Plaintiff as a representative of the news media (Doc. 10 at 17-18).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Generally, before filing a lawsuit for violation of FOIA, a plaintiff must exhaust his administrative remedies. *See Hoeller v. Social Sec. Admin.*, 670 Fed.Appx. 413, 414 (7th Cir. 2016); *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Once he has exhausted his administrative remedies, if he believes an agency has improperly withheld documents, he may file a federal lawsuit. *See* 5 U.S.C. § 552(a)(4)(B).

Whether a plaintiff has exhausted his remedies may be connected to the timing of the agency's response to his request for records. FOIA provides that when an agency receives a

request, it shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request" and shall notify the requesting party of the reasons for the determination, the right to seek assistance from the agency, the right to appeal the decision to the head of the agency, and the right to seek dispute resolution services. 5 U.S.C. § 552(a)(6)(A). If the agency fails to comply with this time limit, the requesting party is deemed to have exhausted his administrative remedies and may proceed directly to court. 5 U.S.C. § 552(a)(6)(C)(i); *see Oglesby*, 920 F.2d at 61 (holding "5 U.S.C. § 552(a)(6)(C) permits a requester to file a lawsuit when ten days [now extended to twenty days] have passed without a reply from the agency indicating that it is responding to his request"). However, if the agency cures its mistake by responding *before* the requesting party files a lawsuit, the obligation to *actually* exhaust administrative remedies by appealing to the agency head is revived. *Oglesby*, 920 F.2d at 63-64.

**LEGAL STANDARD**

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Evans v. U.S. Dep't of Interior*, 135 F.Supp.3d 799, 809 (N.D. Ind. 2015) (quoting *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Veterans Affairs*, 828 F.Supp.2d 325, 329–330 (D.D.C. 2011)). Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary

judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). In FOIA cases, the Court can resolve summary judgment solely on the basis of affidavits or declarations from agency employees if they are "relatively detailed and non-conclusory." *Evans*, 135 F.Supp.3d at 809 (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

## DISCUSSION

EOUSA argues it is entitled to summary judgment on Counts One and Two of Plaintiff's Amended Complaint because he failed to perfect his FOIA requests and he failed to exhaust his administrative remedies as required by FOIA. Plaintiff argues he is entitled to summary judgment because EOUSA did not timely provide the documents he requested.

**Count One**

Plaintiff's Amended Complaint sets forth allegations in Count One regarding an "unnumbered request" (Doc. 10 at 17). The portion of the Amended Complaint providing the factual background regarding this claim states that the unnumbered request was mailed to Defendant on February 7, 2017 (Id. at 13). Attached to the Complaint is a copy of the February 7, 2017 letter which states Plaintiff is requesting "all records in your possession related to myself,

William A White, to the prosecution in WD VA 08-cr-054 or, to any other investigations of me conducted by your office, whether they resulted in prosecutions or not." (Id. at 33). The request was assigned number #2017-000574 by Defendant EOUSA (Id. at 45). There is no portion of Plaintiff's FOIA request from February 7, 2017 that went unnumbered.

In Plaintiff's Motion for Partial Summary Judgment (Doc. 32) he states that the unnumbered request was a component of his February 19, 2017 letter (Id. at 3). Plaintiff states that the USAO for the District of Oregon, the Northern District of Ohio, and the Eastern District of Michigan have records responsive to his request that they have not provided (Id. at 4). Plaintiff alleges the request for these records went unnumbered. A review of the February 19, 2017 letter indicates Plaintiff did not make such a request. The February 19, 2017 letter requested records from EOUSA regarding specific cases. Plaintiff did not request all records in the possession of any USAO which pertain to him in either the February 7, 2017 letter or the February 19, 2017 letter. The requests contained in both February 2017 letters were assigned FOIA numbers by EOUSA and there remain no unnumbered requests. Plaintiff is not entitled to relief regarding his allegations of unnumbered requests. Defendant EOUSA is entitled to summary judgment on Count One.

**Count Two**

Plaintiff's Count Two contains allegations regarding eight numbered FOIA requests and the Court will review each in turn.

*EOUSA #2017-00574*

On February 7, 2017, Plaintiff mailed a request to the US Attorney for the Western District of Virginia requesting all agency records in their possession regarding "myself, William A White,

to the prosecution in WDVA 08-cr-054 or to any other investigations of me conducted by your office whether they resulted in prosecutions, or not. The records requested are all records, including, but not limited to, Grand jury records, discovery, and any and all communications, including email communications, with any party" (Doc. 10 at 33).

In submitting the request, Plaintiff should have directed the request to the EOUSA's FOIA Unit in Washington D.C., rather than the WDVA. See 28 C.F.R. § Pt. 16, App. I. In instances involving misdirected requests that are re-routed pursuant to § 16.4(c), the response time will commence on the date that the request is received by the proper component's office that is designated to receive requests, but in any event not later than 10 working days after the request is first received by any component's office that is designated by these regulations to receive requests. 28 C.F.R. § 16.5. Additionally, an individual requesting a copy of records about himself must comply with the verification of identify provision set forth in 28 C.F.R. § 1641(d). Plaintiff failed to provide sufficient proof of his identity at the time he transmitted his original request to the WDVA.

The USAO in the WDVA stamped Plaintiff's request received on February 21, 2017 at its main office in Roanoke and February 23, 2017 at its branch office in Abingdon (Doc. 27-2 at 2). EOUSA received Plaintiff's request on March 1, 2017 and numbered it as EOUSA 2017-000574 (Doc. 27-1 at 3). On March 29, 2017, within twenty business days, EOUSA sent Plaintiff a letter enclosing a Certification of Identify, instructed Plaintiff to provide a notarized sample of his signature, and closed its file, indicating that EOUSA would open a new file upon receipt of the completed notarized certification form (Doc. 27-3). Additionally, the letter advised Plaintiff, "you may want to narrow and target your request to non-privileged and non-privacy protected

information" and "please describe the records sought in sufficient detail" (Id.).

DOJ contends they are entitled to summary judgment as to request EOUSA 2017-000574 because Plaintiff failed to perfect his request by providing a certification of his identity and DOJ timely responded and was justified in closing its file. Plaintiff responded stating EOUSA 2017-000574 did not just pertain to Plaintiff's 2008 prosecution in WDVA case no 08-cr-054. This argument is unresponsive to the issue of exhaustion of administrative remedies. Plaintiff concedes the February 7, 2017 letter was received by EOUSA on March 1, 2017 and responded to on March 29, 2017, the twentieth working day after receipt. The parties agree that EOUSA assigned request #2017-000574 a new number, 2017-01483,[1] upon receipt of the certificate of identity.

There is no dispute Plaintiff did not submit the proper certification of identity with the original February 7, 2019 request. Defendant timely responded and was justified in closing its file. Defendant is entitled to summary judgment regarding FOIA request # 2017-00574.

### *EOUSA 2017-01483, appealed as DOJ-AP-2018-000951*

On April 4, 2017, Plaintiff followed up with EOUSA regarding the previous request and sent a certification of identity which was stamped received by EOUSA on May 2, 2017 (Doc. 29). The request was reopened and processed under EOUSA 2017-001483. On May 11, 2017, EOUSA timely forwarded the request to the WDVA for a record search (Doc. 27-1 at 6). Also on May 11, 2017, EOUSA sent Plaintiff a letter acknowledging the request, reserving an additional 10 days for response due to a search of one or more field offices, advising Plaintiff that his request

---

[1] The Court will review the request with the newly assigned number separately.

had been assigned the complex track and a response time would take longer than the 30 business days associated with simple requests, and notifying Plaintiff that he could be required to pay certain costs associated with processing the request (Doc. 10 at 53). EOUSA suggested Plaintiff modify and narrow the scope of the request (Id.).

Paralegal Specialist Kathy Bradley of the USAO-WDVA attempted to locate documents responsive to the request from June 28, 2017 through August 8, 2017 (Doc. 27-14 at 2). On August 8, 2017, the USAO-WDVA notified EOUSA that it located approximately 20,000 pages of potentially responsive material and that it would take approximately 8-10 additional hours of search time to go through the materials located and segregate what could be sent (Id., 27-1 at 6). On August 30, 2017, EOUSA sent Plaintiff a letter advising him the search for the records he was seeking would take an additional 10 hours and advanced payment of $400.00 would be required (Doc. 27-9 at 2). Plaintiff was advised if he wanted to reduce his fees, he could reformulate the request and limit the documents to specific categories. Plaintiff was given a 30-day deadline pursuant to 28 C.F.R. 16.11(i) (Id.). On September 10, 2017, Plaintiff sent a letter contesting the determination of fees and stating that he was a member of the national news media and expected the material would be used in the *American Free Press* and *First Freedom* newspapers (Doc.10 at 60). On October 17, 2017, the request was closed due to Plaintiff's failure to pay the fee (Doc. 27-1 at 6).

Plaintiff contends he is entitled to summary judgement because EOUSA waived its right to search fees when it waited 64 working days after the May 11, 2019 letter to request that he pre-

pay $400 in fees.[2] Plaintiff cites 5 USC § 552(a)(4)(A)(viii) which states:

> Except as provided in subclause (II), an agency shall not assess any search fees (or in the case of a requester described under clause (ii)(II) of this subparagraph, duplication fees) under this subparagraph if the agency has failed to comply with any time limit under paragraph (6).

5 USC § 552(a)(4)(A)(viii)(I). Plaintiff argues because EOUSA did not respond to his request in 30 days, they are not entitled to fees for processing his request.

EOUSA responded that it had determined "unusual circumstances" applied to Plaintiff's request and notified Plaintiff of such in the May 11, 2017 letter. Plaintiff was notified his request was assigned to the "complex track" which would require more than 30 days to formulate a response. Also in the May 11, 2017 letter, EOUSA suggested Plaintiff modify and narrow the scope of the request "to avoid delay and reduce any potential fees" (Doc. 10 at 53). EOUSA contends that in order to start the clock on the proscribed 20-day response deadline, the FOIA request must be properly made, and that an agency may toll the response period once while seeking further information from the requester on the scope of the information sought. See 5 U.S.C. § 552(a)(6)(A)(ii)(I); 28 C.F.R. § 16.5(c). EOUSA argues its response was not untimely because Plaintiff did not respond to the May 11, 2017 letter, nor did he narrow his request. EOUSA argues that even if it failed to comply with statutory time limits, which it denies, it was still allowed to assess fees and costs because it had determined unusual circumstances applied and more than 5,000 pages were necessary to respond to the request. EOUSA cites the second subclause of the code cited by Plaintiff, which states:

---

[2] In his motion for summary judgment, Plaintiff appears to have abandoned his position that he is a member of the news media entitled to free records. Plaintiff's argument that he does not owe fees is based solely on the timing of the EOUSA response. As such, the Court need not address Plaintiff's previous contention that he qualifies as a member of the news media.

> (bb) If an agency has determined that unusual circumstances apply and more than 5,000 pages are necessary to respond to the request, an agency may charge search fees (or in the case of a requester described under clause (ii)(II) of this subparagraph, duplication fees) if the agency has provided a timely written notice to the requester in accordance with paragraph (6)(B) and the agency has discussed with the requester via written mail, electronic mail, or telephone (or made not less than 3 good-faith attempts to do so) how the requester could effectively limit the scope of the request in accordance with paragraph (6)(B)(ii).

5 USC § 552(a)(4)(A)(viii)(II)(bb). EOUSA contends they were entitled to charge fees due to the volume of records requested and because they had given Plaintiff an opportunity to limit the scope of the request. EOUSA contends that because Plaintiff refused to provide advance payment, EOUSA permissibly closed the request on October 17, 2017.

The Code provides, "In any action by a requester regarding the waiver of fees under this section, the court shall determine the matter de novo: Provided, that the court's review of the matter shall be limited to the record before the agency." 5 USC § 552(a)(4)(A)(vii). Reviewing the records that were before the agency, the Court determines subsection (bb) is applicable in this situation. EOUSA provided Plaintiff with written notice within the appropriate timeframe that his request met the definition of "unusual circumstances" in section 552(a)(6)(B)(iii) and more than 5,000 pages were necessary to respond to the request. EOUSA attempted to get Plaintiff to narrow his request in the letter sent August 30, 2017, but Plaintiff responded on September 10, 2017 and seeking a redetermination of the search fees claiming he was a member of the news media. Plaintiff did not pay the fees and did not narrow the request. When Plaintiff refused to pay the advanced fee required or narrow the request within thirty days, EOUSA properly closed the request on October 17, 2017.

On October 22, 2017, Plaintiff appealed the determination of search fees to the Office of

Page **10** of **17**

Information Policy with the DOJ (Doc. 10 at 61). On November 15, 2017, the DOJ assigned the appeal of #2017-001483, the appeal number DOJ-AP-2018-000951 (Doc. 10 at 62). On June 14, 2018, the DOJ Office of Information Policy ("OIP") sent Plaintiff notification that his appeal was denied and that EOUSA's fee determination was correct (Doc. 27-11 at 2). The OIP determined Plaintiff did not meet the qualifications for designation as a representative of the news media because he did not indicate that he planned a "distinct work" based on the information requested (Id.). OIP acknowledged Plaintiff provided copies of a contract with *Prison Legal News* and previously-published articles, but determined he failed to explain how a request for records about himself would serve any news dissemination function (Id.). The appeal denial informed Plaintiff if he was dissatisfied with the result of the appeal, he could file suit.

Plaintiff contends because OIP took 163 working days to determine his appeal, EOUSA should not be entitled to search fees. Plaintiff argues the appeal should have been determined within 20 working days pursuant to 5 U.S.C. § 552(a)(6). He again cites § 552(a)(4)(a)(viii) in arguing EOUSA could not assess any search fees because it failed to comply with the time limit under paragraph (6).

EOUSA asserts the Office of Information Policy responded to Plaintiff's appeal within twenty days acknowledging receipt. EOUSA argues Plaintiff is mistaken that the timeframe for the final determination of the appeal affects whether he owes statutory fees. EOUSA contends the August 30, 2017 letter advised him that per 28 C.F.R. § 16.11(i), it would not consider his request received until he paid the search fees or reformulated his request. EOUSA argues it is reasonable to conclude that the term "adverse determination" in 5 U.S.C. § 552(a)(6)(A)(i)(III) only contemplates agency decisions that are in response to a proper FOIA request. EOUSA

argues it is entitled to summary judgment on Plaintiff's FOIA claim regarding EOUSA 2017-01483 because he never paid the search fee or responded to the letter asking him to narrow his request and he never administratively challenged EOUSA's decision to request that he narrow the scope of his request.

Plaintiff asks the Court to determine he does not owe search fees even though he has now abandoned the original basis for his appeal to OIP – that he was entitled to a fee waiver as a member of the news media. Plaintiff relies solely on the fact that OIP took more than twenty days to make a final determination on his appeal. While the Court finds the delay in the OIP's final determination served to constructively exhaust Plaintiff's administrative remedies, it does not serve to waive the agency's assessment of search fees. *Goulding v. I.R.S.,* 1998 WL 325202, at 10 (N.D. Ill. June 8, 1998). Constructive exhaustion does not relieve Plaintiff of his statutory obligation to pay any and all fees which the agency was authorized to collect. *Id*. Plaintiff has abandoned the claim he is entitled to fee waiver as a member of the news media and therefore the assessment of search fees was permissible.

EOUSA acted properly in closing the FOIA request when Plaintiff failed to timely pay the assessed fees or narrow his request. EOUSA is entitled to summary judgment on Plaintiff's FOIA claim regarding #2017-01483, appealed as DOJ-AP-2018-000951.

*EOUSA #2017-000885 through 2017-000888*

On February 19, 2017, Plaintiff mailed a request to EOUSA for all information in the agency's possession regarding the following subjects:

1) Myself, William A White, certificate of identity enclosed;
2) The prosecution of ND Ill 08-cr-851;
3) The prosecution of WD Va 08-cr-054;

4) The prosecution of WD Va 13-cr-013;
5) The prosecution of MD Fl 13-cr-304;
6) The conduct of ED VA 07-cr-342;
7) The "Countering Violent Extremism" program.

Doc. 10 at 34).

The request was received by EOUSA on March 21, 2017 (Doc. 27-1 at 3). On April 6, 2017, EOUSA sent two letters to Plaintiff. The first addressed his requests for court records and notified Plaintiff his requests were assigned four separate FOIA case numbers:

a. 17-000885: Northern District of Illinois
b. 17-000886: Western District of Virginia
c. 17-000887: Middle District of Florida
d. 17-000888: Eastern District of Virginia

(Doc. 10 at 48). Additionally, the letter informed Plaintiff that he was still required to certify his identity (Id.).

On April 11, 2017, Plaintiff responded with a letter stating, "I have enclosed the requested Certificate of Identity forms for requests EOUSA 2017-000885 to 000888" (Doc. 10 at 52). On May 15, 2017, the four requests were closed for failure to certify identify (Doc. 27-1 at 4). An attorney with the EOUSA FOIA division filed a Declaration stating EOUSA's administrative record does not unequivocally demonstrate Plaintiff's certification of identity – dated April 11, 2017 – was received (Id.). EOUSA routinely maintains a correspondence log that documents the receipt of all hard copy correspondence and it contains an entry dated April 26, 2017, documenting receipt of a letter from Plaintiff referencing FOIA No. EOUSA-2017-000888 (Id.). The document, however, was destroyed in accordance with routine procedures after two years (Id.).[3]

---

[3] It is unclear based on the Declaration whether correspondence related to closed requests are destroyed two years after the date of the correspondence or two years after the request is closed. Two years after April 26, 2017 would indicate the document was destroyed on, or after, April 26, 2019. Two years after the request was closed would place

EOUSA asks, while it cannot definitively swear to the content of the correspondence, that the Court find based on "a presumption of good faith" that the agency records were not improperly withheld. Viewing the facts in the light most favorable to Plaintiff, as the Court must, there is a question of fact as to whether the EOUSA received Plaintiff's certification of identity. Defendant EOUSA bears the burden of proof and has failed to set forth sufficient evidence that Plaintiff did not take the proper steps to exhaust his administrative remedies. EOUSA is not entitled to summary judgment regarding EOUSA 2017-000885 to 000888.

Plaintiff's cross-motion for summary judgment accuses EOUSA of placing his FOIA requests in a paper shredder and asks that the Court order production of all responsive documents within 120 days. The Court denies the relief requested by Plaintiff because ordering production of all documents is not necessarily the proper relief in a FOIA case. "A FOIA requester is not entitled to agency documents simply because the agency failed to satisfy its burden to obtain summary judgment." *Williams v. Exec. Office for U.S. Attorneys*, 2019 WL 1359349, at 3 (D.D.C. Mar. 25, 2019). Instead, it is appropriate to require the agency to provide the necessary information to permit the Court to determine whether FOIA requires the release of the documents. *Id*. Defendant EOUSA is ordered to reopen Plaintiff's FOIA requests 2017-000885 to 000888 and conduct a reasonable search of records responsive to these requests within 30 days. Nothing in this order shall preclude EOUSA from withholding documents subject to specific exemptions. EOUSA shall supplement the record consistent with this opinion and, if warranted, produce responsive records.

---

the deadline for the correspondence to be destroyed on May 15, 2019. The Declaration of Justin Wilkinson was signed May 6, 2019.

*EOUSA #2017-000890*

The FOIA request, included with the letter received on March 21, 2017, wherein Plaintiff sought "all information in your agency's possession regarding the "Countering Violent Extremism" program was assigned #2017-000890 by the EOUSA. On April 6, 2017, EOUSA sent Plaintiff a letter stating the records were maintained in over one hundred separate offices throughout the United States and requested that he "[p]lease describe the records sought in sufficient detail" (Id. at 50). On May 16, 2017, the request was closed as Plaintiff failed to respond in accordance with DOJ regulations (Doc. 27-1 at 5).

As with the previous requests, Plaintiff argues he responded to the April 6, 2017 letter, with his letter dated April 11, 2017 (Doc. 10 at 126). Plaintiff attached a copy of the correspondence which included the following:

> In regards to EOUSA-2017000890, my understanding of the Countering Violent Extremism Operations is that there were multiple operations conducted under this heading as part of a program initiated by the Department of Justice. I have requested from other agencies information regarding the categorization, and structure of operations within this program, and am awaiting a response.
>
> If you could provide information on how this program was implemented nationally, and the divisions within this program, I expect that I will want all responsive documents from all of your component offices related to the implementation of certain portions of this program.

Id.

As set forth above, EOUSA no longer has a copy of the correspondence it admits it received from Plaintiff on April 26, 2017. Again, EOUSA asks the Court to presume Plaintiff did not respond to the April 6, 2017 letter.

Viewing the facts in the light most favorable to Plaintiff, the Court presumes EOUSA

received the April 11, 2017 letter from Plaintiff. However, even if EOUSA received the letter, the Court finds Plaintiff failed to provide sufficient details in response to the April 6, 2017 letter. EOUSA informed Plaintiff that the files and records he sought were maintained in over one hundred separate offices throughout the United States and asked that he identify specific United States Attorney's offices where he believed the records could be located. Plaintiff responded that he wanted "information on how this program was implemented nationally, and the divisions within this program" and stated that he expected he would want "all responsive documents from all of your component offices related to the implementation of certain portions of this program" (Doc. 10 at 52). Plaintiff's response, even if it were received by EOUSA, did not narrow the request and did not provide the additional information requested. By failing to perfect his request as required, Plaintiff failed to exhaust his administrative remedies as to FOIA request #2017-000890. EOUSA is entitled to summary judgment regarding request #2017-000890.

*EOUSA #2017-002746*

On June 24, 2017, Plaintiff sent a letter to EOUSA stating a seal on the WDVA case 13-cr-013 had been lifted by the District Court on May 31, 2017, and he requested all records relating to the prosecution of the case. On August 24, 2017, EOUSA sent Plaintiff a letter informing him that he must certify his identity (Doc. 10 at 56). Plaintiff contends this request is actually a part of #2017-000886 and does not need to be addressed separately. A review of the record demonstrates the criminal case he was seeking information on was included in Plaintiff's original request to WDVA. However, Plaintiff's June 24, 2017 letter, while seeking information that had been previously sought, was a separate FOIA request.

EOUSA responded to Plaintiff's request on August 24, 2017 requesting Plaintiff certify his

identity and Plaintiff makes no argument, nor sets forth any evidence, that he did so. As Plaintiff failed to perfect his request, Defendant EOUSA is entitled to summary judgment for failure to exhaust administrative remedies regarding Plaintiff's FOIA request #2017-002746.

### Conclusion

Based on the foregoing, the Motion for Summary Judgment filed by Defendant EOUSA (Doc. 27) is **GRANTED IN PART AND DENIED IN PART** and the Motion for Summary Judgment filed by Plaintiff (Doc. 32) is **DENIED**. Defendant's motion is **GRANTED** to the extent it seeks summary judgment on Count One, and on FOIA claims #2017-00574, 2017-01483 (appealed as DOJ-AP-2018-000951), 2017-000890, and 2017-002746 in Count Two. EOUSA is **ORDERED** to reopen Plaintiff's FOIA requests 2017-000885 to 000888 and conduct a reasonable search of records responsive to these requests within 30 days. EOUSA shall supplement the record consistent with this opinion and, if warranted, produce responsive records. The motions for partial summary judgment are **DENIED** in all other respects. The Clerk shall enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:   January 21, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**