# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 18-cv-841-RJD ) |
| EXECUTIVE OFFICE OF US ATTORNEYS, FEDERAL BUREAU OF INVESTIGATION, DEPARTMENT OF JUSTICE, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Litigation Costs (Doc. 57) filed by Plaintiff. Defendant, Department of Justice, filed a response (Doc. 58).

### Background

Plaintiff, William White, filed this FOIA action seeking an order compelling the Executive Office of United States Attorneys ("EOUSA") and the Federal Bureau of Investigation ("FBI") to produce voluminous records. Specifically, Plaintiff sought from EOUSA records pertaining to his prosecution in several federal judicial districts (Doc. 10). Defendants filed a motion for summary judgment on behalf of EOUSA on Counts One and Two arguing Plaintiff failed to exhaust his administrative remedies as required by FOIA (Doc. 27). Additionally, Plaintiff filed a Motion for Partial Summary Judgment (Doc. 32). On January 21, 2020, the Court denied Plaintiff's motion for summary judgment, granted EOUSA's motion for summary judgment on Count 1, and granted in part, denied in part EOUSA's motion for summary judgment on Count 2.

The Court determined Defendant EOUSA failed to meet their burden of proof that Plaintiff failed to exhaust his administrative remedies as to four requests. The Court ordered Defendant EOUSA to re-open Plaintiff's FOIA requests 2017-000885 – 000888 and to conduct a reasonable search of records responsive to the requests within 30 days. The Court made clear nothing in the order precluded EOUSA from withholding documents subject to specific exemptions. EOUSA was directed to supplement the record consistent with the order, and if warranted, to produce responsive records.

**Legal Standard**

The FOIA provides that a Court may assess costs against the United States if the complainant under the act substantially prevails in the action. *See* 5 U.S.C. § 552(a)(4)(E)(i). A *pro se* plaintiff, however, may only recover costs, not attorney's fees, since he had no attorney. *DeBold v. Stimson*, 735 F.2d 1037, 1042-43 (7th Cir. 1984). A plaintiff may substantially prevail, and thus be eligible for a fee or cost award, either by a judicial order, an enforceable written agreement, a consent decree or a voluntary or unilateral change in the agency's position if the complainant's claim is not insubstantial. 5 U.S.C. § 552(a)(4)(E)(ii). The plaintiff carries the burden of proving he substantially prevailed under the foregoing standard. *Pyramid Lake Paiute Tribe v. United States DOJ*, 750 F.2d 117, 119 (D.C. Cir. 1984). A plaintiff does not carry this burden simply by showing documents were released after a lawsuit was filed. *First Amendment Coalition*, 878 F.3d at 1128; *Calypso Cargo Ltd. v. United States Coast Guard*, 850 F. Supp. 2d 1, 4 (D.D.C. 2011), *aff'd*, No. 12-5165, 2012 WL 10236551 (D.C. Cir. Nov. 1, 2012). Even if the plaintiff substantially prevailed, the Court has discretion to determine whether he is entitled to fees or costs. *See Morley v. CIA*, 894 F.3d 389, 391 (D.C. Cir. 2018). Four criteria have been constructed to assist the court in exercising its discretion as to the award of attorneys' fees under

FOIA: (1) "the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *Solone v. I.R.S.*, 830 F. Supp. 1141, 1142–43 (N.D. Ill. 1993).

## Analysis

Plaintiff seeks costs in the amount of $729.50 arguing the Court should find he "substantially prevailed" because the Court ordered Defendant EOUSA to reopen four of his requests. Defendants argue Plaintiff has not "substantially prevailed" in this litigation such that he is eligible for consideration of entitlement to costs. Defendants contend none of the discretionary factors weigh in favor of an award of costs. The counts on which Defendants were denied summary judgment relate to Plaintiff's efforts to obtain material regarding his prior convictions. Defendants argue a prisoner's interest in attacking his own conviction is not a public interest.

The Court finds Plaintiff has not substantially prevailed in this litigation. The Court denied Defendants' motion for summary judgment on exhaustion as to a portion of one count finding Defendants failed to meet their burden of proof as to certain FOIA requests. The Court did not find Plaintiff was entitled to summary judgment, merely that there was a question of fact as to whether EOUSA received Plaintiff's certification of identity. Plaintiff has failed to meet the burden of proving he substantially prevailed.

## Conclusion

For the reasons set forth above, the Motion for Litigation Costs filed by Plaintiff (Doc. 57) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   March 19, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
