### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CASE NO.   18-cv-841-RJD |
| | ) |
| EXECUTIVE OFFICE OF US | ) |
| ATTORNEYS, FEDERAL BUREAU OF | ) |
| INVESTIGATION, DEPARTMENT OF | ) |
| JUSTICE, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Reconsideration and Objection (Doc. 61) filed by Plaintiff.

### Background

Plaintiff, William White, filed this FOIA action seeking an order compelling the Executive Office of United States Attorneys ("EOUSA") and the Federal Bureau of Investigation ("FBI") to produce approximately 55,000 pages of potentially responsive records.   Plaintiff filed a Motion for Partial Summary Judgment (Doc. 37) and Defendant Department of Justice filed a Motion for Summary Judgment on behalf of the FBI (Doc. 51).   The Court denied Plaintiff's motion and granted Defendants' motion and ordered that judgment be entered in favor of Defendants and against Plaintiff on counts 6-9, 11, 13-16, 18-27, 29, and 31 at the close of the case.   The Court further ordered the parties to respond to the Court's proposed entry of judgment pursuant to Rule 56(f) on counts 3-5, 10, 12, 17, 28, 30, 32-33.

Plaintiff objects to the Court's proposed entry of judgment on counts 3-5, 10, 12, 17, 28,

30, 32-33 arguing it is erroneous.   Plaintiff cites *Furrow v. Fed. Bureau of Prisons*, 420 F. App'x

607 (7th Cir. 2011) arguing a court errs when it enters judgment for a government agency after the

agency has only produced some, but not all, of the records in dispute in a FOIA case.   In *Furrow*,

a federal inmate brought a Freedom of Information Act (FOIA) action against Federal Bureau of

Prisons (BOP), seeking to compel BOP to turn over records from his prison file and the district

court granted BOP's motion to dismiss for mootness.   The Seventh Circuit remanded the case

finding the district court erred in accepting the premise that the BOP mooted Furrow's lawsuit by

producing some, but not all, of the records he requested.   *Furrow*, 420 F. App'x at 610.   The

Court stated, "We express no view concerning whether the BOP will be able to substantiate its

assertion that only exempt documents have been withheld from Furrow, but so far the agency has

neither vindicated its position nor turned over everything that Furrow wants.   And until the BOP

does one or the other, a redressable dispute remains between the parties."   *Id*.

This case, unlike *Furrow*, was not dismissed for mootness and no redressable dispute

remains between the parties.   Judgment in *Furrow* was granted upon a motion to dismiss and the

Court did not review the nature of the documents withheld and the exemptions asserted as to each

document.   That is not the case here.   Plaintiff's claims were fully briefed and thoroughly

reviewed on the motions for summary judgment.   The Court reviewed and analyzed hundreds of

documents and exhibits submitted by the parties.

The Court proposed entry of summary judgment on counts 3-5, 10, 12, 17, 28, 30, 32-33

because no further redressable dispute remains between the parties on these counts.   The FBI is

producing documents related to each of these counts at a rate of 500 documents per month.   The

Court found the FBI has not improperly withheld records regarding these counts and determined

that 500 pages per month is a reasonable rate of production.   The Court sees no need to keep this

Page **2** of **3**

case pending for more than nine years while the FBI proceeds with producing the records it has agreed to produce.

The Court finds no evidence demonstrating a genuine issue of material fact exists that prevents this Court from entering judgment as a matter of law on counts 3-5, 10, 12, 17, 28, 30, 32-33.   Plaintiff's Objection is **OVERRULED** and Motion for Reconsideration (Doc. 61) is **DENIED**.   Judgment shall be entered in favor of Defendants and against Plaintiff on counts 3-5, 10, 12, 17, 28, 30, 32-33 at the close of the case.

**IT IS SO ORDERED.**

**DATED:   April 23, 2020**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**