IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM A. WHITE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-841-RJD |
| | ) | |
| EXECUTIVE OFFICE OF US ATTORNEYS, et al., | ) ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court for case management purposes. In April 2018, Plaintiff filed suit against the Executive Office of US Attorneys ("EOUSA") and the Federal Bureau of Investigations ("FBI"), alleging that they did not respond properly to his requests for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff's First Amended Complaint consisted of 34 counts, each identifying different records request Plaintiffs made to Defendants (Doc. 10). Counts 1 and 2 were against the EOUSA and Counts 3-34 were against the FBI (*Id*.). The Court granted summary judgment in favor of the FBI on Counts 3-34 (Docs. 61, 67).

The EOUSA also filed a motion for summary judgment, contending that Plaintiff failed to exhaust his administrative remedies on Counts 1 and 2. On January 21, 2020, the Court granted summary judgment in favor of the EOUSA on Count 1 and partially denied the motion on Count 2, finding that the EOUSA failed to satisfy its burden on summary judgment for the exhaustion issue pertaining to certain requests (Doc. 53). The Court ordered the EOUSA to reopen Plaintiff's

records requests 2017-00085 to 000888 and conduct a reasonable search of records responsive to those requests within 30 days (*Id*.).

The EOUSA complied with the January 21, 2020 order and filed a status report on February 19, 2020, stating that the districts to whom Plaintiff's requests were made had located approximately "24,000-52,000 pages in hard copy and many gigabytes of electronic material" (Doc. 59). The districts then had to "sort the records, convert them into electronic format, and upload to a review platform" (*Id*.). The EOUSA estimated that approximately 350 pages of records could be reviewed per month (*Id*.). On July 6, 2020, the EOUSA produced its first set of documents to Plaintiff, informing the Court that this production represented a review of 304 pages (Doc. 74). The EOUSA further advised that future releases were scheduled to occur on the 15th of each month, "with the caveat that operational changes in response to the national COVID-19 pandemic may result in delays" (*Id*.). Since then, the EOUSA has released information to Plaintiff responsive to the Count 2 FOIA requests on twelve occasions (Docs 74-82, 84-86). In its most recent production, the EOUSA represents that it has processed 4,809 total pages of materials (Doc. 86). It is unclear how many pages the EOUSA has produced to Plaintiff. Of the pages the EOUSA has produced, some were partially redacted and withheld (*See, e.g*., Doc. 78). Plaintiff never filed any type of objection or Motion to Compel related to the EOUSA's production.

In the meantime, Plaintiff appealed this Court's decision to grant summary judgment to the FBI on Counts 3-34 (Doc. 68). The Seventh Circuit affirmed this Court's decision. *White v. Federal Bureau of Investigation, et al*., 851 Fed. Appx. 624 (7th Cir. 2021).

This case is now ripe for summary judgment motions on Count 2 of Plaintiff's Amended Complaint regarding the following issues: 1) the rate at which the EOUSA is processing materials; 2) whether the EOUSA has improperly withheld any records; 3) whether the EOUSA's search for

records was reasonable.  However, Plaintiff is restricted from filing any materials in any of his pending cases in this district for the next two years.  *White v. Collis*, Case No. 20-cv-1117-JPG (S.D. Ill. Sept. 27, 2021);  *White v. United States of America*, Case No. 17-cv-683-JPG (S.D. Ill. Sept. 27, 2021).  The filing restriction was levied on September 27, 2021 as a sanction for Plaintiff's misconduct in other cases in this district (*Id.*).  Because Plaintiff cannot file pleadings or respond to a dispositive motion filed by the EOUSA in this matter, the Court finds it improper to dispose of Count 2 on the merits.  *See, e.g. Postlewaite v. Densmore*, Case No. 14-cv-1365-MJR, 2017 WL 468214, *2 (S.D. Ill. Feb. 3, 2017).  Plaintiff's inability to file pleadings for nearly two more years translates to a failure to prosecute Count 2, and this case should be dismissed.  *Herz v. Young*, Case No. 20-cv-1877-JPH-DLP, 2020 WL 5407494, *1 (S.D. Ind. Sept. 8, 2020); *see also Twitty v. Ashcroft*, Case No. 08-cv-119-DRH, 2008 WL 2789282, *2 (S.D. Ill. Jul. 18, 2008).  Because the Court is unaware of any misconduct by Plaintiff in this particular case, the dismissal will be without prejudice.  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   December 22, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**